UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

GEANNA GRULLON-REID,

    Plaintiff,

vs.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

    Defendant.
_____)

## COMPLAINT

The Plaintiff, Geanna Grullon-Reid ("GRULLON-REID"), by and through the undersigned counsel, hereby sues Hartford Life and Accident Insurance Company ("HARTFORD") and alleges:

## PRELIMINARY ALLEGATIONS

1. "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under and employee benefit plan regulated and governed under ERISA. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and to clarify Plaintiff's rights under the employee benefit plan administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, pre-judgment and post-judgment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

2. GRULLON-REID was at all times relevant a plan participant under the T-

Truist Financial Corp. ("Truist") Long Term Disability Policy, Group No.: GLT-674861 ("LTD Plan").

3. Defendant, HARTFORD, is a corporation with its principal place of business in the State of Connecticut, authorized to transact and is transacting business in, and may be found in the Southern District of Florida and in Broward County. HARTFORD is the insurer of benefits under the Truist LTD Plan and acted in the capacity of a plan administrator. As the decisionmaker and payor of plan benefits, HARTFORD administered the claim with a conflict of interest and the bias this created affected the claim determination.

4. The HARTFORD LTD Plan is an employee welfare benefit plan regulated by ERISA, established by Truist under which GRULLON-REID was a participant, and pursuant to which GRULLON-REID is entitled to Long Term Disability benefits ("LTD benefits"). Pursuant to the terms and conditions of the LTD Plan, GRULLON-REID is entitled to LTD benefits for the duration of the Plaintiff's disability, for so long as GRULLON-REID remains disabled as required under the terms and conditions of the LTD plans.

5. Venue is proper in this district under 29 USC 1132 (e)(2), in that defendant, HARTFORD, is authorized to and is doing business within the Southern District of Florida.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)**

6. GRULLON-REID incorporates by reference all preceding paragraphs as

though fully set forth herein.

7. At all times relevant, GRULLON-REID was a plan participant or former plan participant under the terms and conditions of the LTD Plan.

8. Prior to disability GRULLON-REID worked as a Mortgage Underwriter for Truist.

9. During the course of GRULLON-REID's employment, GRULLON-REID became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while GRULLON-REID was covered under the LTD Plans, GRULLON-REID suffered a disability, the nature of which due to privacy concerns is set forth in detail in the administrative record, rendering her disabled as defined under the terms of the LTD Plan.

10. Pursuant to the terms of the LTD Plans, GRULLON-REID made a claim to HARTFORD for benefits under the LTD Plan with an effective date of disability of April 5, 2023.

11. Following the applicable elimination period, long term disability benefits became payable on October 2, 2023, and were in fact approved by way of a HARTFORD letter dated November 20, 2023.

12. Disability or Disabled means, in part, You are prevented from performing one or more of the Essential duties of (1) Your Occupation during the Elimination Period; (2) Your Occupation during the Elimination Period for 36 months following the Elimination Period, and as a result Your Current Monthly Earnings are less than 80% of Your Indexed Pre-disability Earnings; and (3) after that, Any Occupation.

13. Essential Duty means a duty that (1) is substantial, not incidental; (2) is

fundamental or inherent to the occupation and (3) cannot be reasonably omitted or changed. Your ability to work the number of hours in Your regularly scheduled workweek is an Essential Duty. However, working more than 45 hours per week is not an Essential Duty.

14. Your Occupation means the Essential Duties of the job You are performing for Your Employer. If you are a physician or attorney Your Occupations means Your specialty in the practice of medicine or law.

15. GRULLON-REID claim is still under the Your Occupation stage of disability.

16. On October 13, 2205, HARTFORD advised GRULLON-REID that her claim was being terminated as the disabling condition had reached the 24 month maximum benefit period for a restricted condition and that there was insufficient medical evidence to support restrictions and limitations that would prevent her from performing the essential duties of her occupation due to a physical/non-limited medical condition.

17. On October 20, 2025, GRULLON-REID submitted her appeal of HARTFORD's denial.

18. On November 5, 2025, GRULLON-REID advised HARTFORD she had submitted all medical information regarding her physical medical conditions in support of her appeal and told HARTFORD to begin the review of the appeal.

19. During the review of the appeal, HARTFORD had GRULLON-REID's medical records reviewed by a peer review doctor who determined that GRULLON-REID would be capable of performing at a Sedentary demand level.

20. A subsequent Occupational Analysis completed by HARTFORD of GRULLON-REID's occupation as a Mortgage Underwriter determined the occupation is performed at a Sedentary level in the national economy.

21. On November 20, 2025, HARTFORD provided the reports to GRULLON-REID for review and response.

22. On December 1, 2025, HARTFORD notified GRULLON-REID that it was upholding the denial of her claim.

23. GRULLON-REID has exhausted her administrative remedies.

24. HARTFORD breached the LTD Plan and violated ERISA in the following respects:

   a. Failing to pay/approve LTD benefits to GRULLON-REID at a time when HARTFORD and the LTD Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as GRULLON-REID was disabled and unable to work and therefore entitled to benefits.

   b. After GRULLON-REID's claim was denied in whole or in part, HARTFORD failed to adequately describe to GRULLON-REID any additional material or information necessary for GRULLON-REID to perfect her claim along with an explanation of why such material is or was necessary.

   c. HARTFORD failed to properly and adequately investigate the merits of GRULLON-REID's disability claim and failed to provide a full and fair

review of GRULLON-REID's claim.

25. GRULLON-REID believes and alleges that HARTFORD wrongfully denied her claim for LTD Benefits under the LTD Plan by other acts or omissions of which GRULLON-REID is presently unaware, but which may be discovered in this future litigation and which GRULLON-REID will immediately make HARTFORD aware of once said acts or omissions are discovered by GRULLON-REID.

26. As a proximate result of the aforementioned wrongful conduct of HARTFORD under the LTD Plan, GRULLON-REID has damages for loss of disability benefits in a total sum to be shown at the time of trial.

27. As a further direct and proximate result of this improper determination regarding GRULLON-REID's claims for benefits, GRULLON-REID, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), GRULLON-REID is entitled to have such fees and costs paid by HARTFORD.

28. The wrongful conduct of HARTFORD has created uncertainty where none should exist; therefore, GRULLON-REID is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the LTD Plan.

**REQUEST FOR RELIEF**

WHEREFORE, Geanna Grullon-Reid prays for relief against the Hartford Life and Accident Insurance Company as follows:

1. Payment of disability benefits due Plaintiff.

2. An order declaring that Plaintiff is entitled to LTD Benefits due to a non-

limited medical condition and immediate reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claim administrator to the extent any new facts or submissions are to be considered.

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action.

5. Payment of prejudgment and post judgment interest as allowed under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: January 8, 2026.

> ATTORNEYS DELL AND SCHAEFER, CHARTERED
> Attorneys for Plaintiff
> 2625 Weston Road
> Weston, FL 33331
> (954) 620-8300
>
> __/s/ *Stephen F. Jessup*_____
> STEPHEN F. JESSUP, ESQUIRE
> Florida Bar No.: 0026264
> Email: stephen@diattorney.com